UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John E. Peet,                                              Civil No. 11-2544 (SRN/JJG)

           Plaintiff,

  v.

Associated Bank, N.A. Mendota Heights,                     **MEMORANDUM OPINION**
Edina Realty, Inc., and Ken Meinke,                                  **AND ORDER**

           Defendants.

---

Adam A. Gillette, Douglas L. Elsass, and Lori A. Johnson, Fruth Jamison & Elsass PA, 80 South 8th Street, Suite 3902, Minneapolis, MN 55402, for Plaintiff.

Thomas C. Atmore, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd, 100 South 5th Street, Suite 2500, Minneapolis, MN 55402, for Defendant Associated Bank N.A.

Stanford P. Hill, Bassford Remele, PA, 33 South 6th Street, Suite 3800, Minneapolis, MN 55402, for Defendant Edina Realty, Inc. And Ken Meinke.

---

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham dated July 20, 2012. In the R&R, the Magistrate Judge recommended that this Court: (1) grant the Motion for Judgment on the Pleadings filed by Defendants Edina Realty, Inc. and Ken Meinke [Doc. No. 19]; (2) grant in part, and deny in part the Motion to Dismiss filed by Defendant Associated Bank [Doc. No. 40]; (3) dismiss with prejudice Plaintiff's Second Amended Complaint; and (4) enter judgment for Defendants.

Plaintiff timely filed objections to the R&R [Doc. No. 54], to which Defendants responded [Doc. Nos. 54 & 57]. Plaintiff objects to the Magistrate Judge's ruling, arguing that: (1) res judicata does not apply because Plaintiff was precluded from asserting a counterclaim in his eviction action, and the conciliation court did not have jurisdiction over Peet's Fair Housing Act ("FHA") claims; (2) collateral estoppel does not apply because the issues in this action were not actually litigated in the prior actions; (3) Peet's federal claims are not barred because they were not ripe at the time of the state court proceedings; and (4) public policy requires that Peet's claims proceed. For the reasons set forth below, the R&R is adopted.

The factual background of this matter is set forth in the R&R and is incorporated by reference. Briefly, Plaintiff, who is African American, brought the instant lawsuit pursuant to the FHA, 42 U.S.C. § 3604(a), alleging claims of discrimination and retaliation. (Second Am. Compl. ¶¶ 23-38 [Doc. No. 34].) The facts most pertinent to this Court's analysis involve three lawsuits brought in state court. First, in August 2009, Plaintiff filed a lawsuit against Defendant Associated Bank, seeking Emergency Relief pursuant to Minnesota's State Tenant Remedies Act, Minn. Stat. § 504B.381, based on complaints regarding a lack of hot water and the presence of mold in his apartment. (See R&R at 2-3 [Doc. No. 53]; Ex. A to Aff. of Thomas C. Atmore at 9 [Doc. No. 43-1].) After the court was informed that the problems had been remedied, the case was dismissed by agreement of the parties. (Id.) In the second lawsuit, Plaintiff sued Associated Bank in Minnesota state conciliation court in September 2009, seeking

damages and rent abatement.  (Ex. B to Atmore Aff. at 11 [Doc. No. 43-1].)  Finally, in the third suit involving the parties, Associated Bank brought an eviction action against Plaintiff in October 2009.  (Ex. C to Atmore Aff. at 13 [Doc. No. 43-1].)  Plaintiff's conciliation court action and the Bank's eviction action were heard on the same day before Goodhue County Judge Thomas Bibus.  (Eviction Hearing Tr. at 4-5, Ex. A to Second Atmore Aff. [Doc. No. 49].)

The hearing testimony and evidence – which included testimony from eight witnesses and the admission of sixteen exhibits – was conducted in connection with the eviction proceeding, as the conciliation action was heard off the record.  (Id. at 1; 4-5; 30; 59; 139.)  In the eviction proceeding, Plaintiff made an opening statement in which he argued that his difficulties with Associated Bank began after the Bank allegedly refused to remedy a mold problem in his refrigerator.  (Id. at 7-11.)  In addition, Peet contended that Associated Bank retaliated against him and harassed him because of his race and that it engaged in "numerous acts of retaliation, violation of my rights, discrimination."  (Id. at 8-10.)  Plaintiff testified as a witness as well, and made a closing argument in which he described his affirmative damages, claims and defenses based on theories of racial discrimination and retaliation.  (Id. at 108; 115; 140.)

On November 3, 2009, the state court ruled on both the conciliation and eviction matters, dismissing Plaintiff's claims on the merits and ordering his eviction.  (Ex. B to Atmore Aff. at 1 [Doc. No. 43-1 at 11]; Ex. D to Atmore Aff. at 1 [Doc. No. 43-1 at 18].) Ruling on Plaintiff's conciliation court action, Judge Bibus found as follows:

3

> Issues were the subject of previous litigation. In addition, [Peet] failed to prove any damages (receives housing assistance on rent), and could have shortened time without hot water by cooperating, and should have cleaned premises in 'caretaking' role."

(Ex. B to Atmore Aff. at 1 [Doc. No. 43-1 at 11].)

In his ruling on the eviction action, Judge Bibus specifically found that:

> [Peet's] claimed defenses to eviction process have *no* merit. Repairs have been timely completed. No evidence to prove retaliation or discrimination. Bank, Receiver, HUD Rep. and other officials did their best to work with [Peet] to mitigate and address his concerns prior to move out notice, which was done fairly, pursuant to law.

(Ex. D to Atmore Aff. at 1 [Doc. No. 43-1 at 18]) (emphasis in original).

In the R&R, Magistrate Judge Graham found that the *Rooker-Feldman* doctrine was inapplicable because the underlying state court decisions did not cause the injury that is complained of in this case. (R&R at 8 [Doc. No. 53].) Accordingly, the Magistrate Judge concluded that this Court has subject matter jurisdiction over Plaintiff's claims. Magistrate Judge Graham therefore denied in part the motion to dismiss brought by Defendant Associated Bank as to the bank's jurisdictional argument. (Id.) However, the Magistrate Judge found that principles of res judicata and collateral estoppel barred Plaintiff's federal claims. (Id. at 10-15.) Magistrate Judge Graham therefore recommended that Defendants' motions to dismiss for failure to state a claim and for judgment on the pleadings be granted and that Plaintiff's claims be dismissed with prejudice. (Id. at 15.)

4

## II. DISCUSSION

### A. Standard of Review

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

### B. Res Judicata

As the Magistrate Judge observed, a federal court sitting in diversity is required to give "preclusive effect to state court judgments whenever the court of the State from which the judgments emerged would do so." (R&R at 10 [Doc. No. 53]) (quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)). Minnesota's preclusion rules therefore determine whether Peet's claims may proceed. Minnesota courts apply res judicata when the following factors are present: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." Brown-Wilbert, Inc. v. Copeland Buhl & Co., 732 N.W. 2d 209, 220 (Minn. 2007).

Peet argues that principles of res judicata do not apply for the following reasons: (1) the federal case does not involve the "same cause of action;" (2) he could not have asserted his federal claims in conciliation court; (3) he did not have a full and fair

5

opportunity to litigate his claims; and (4) his claim for discrimination in connection with his eviction was not ripe until he was evicted. (Objections at 5 [Doc. No. 54].)

      1.     **Same Factual Circumstances**

Plaintiff argues that res judicata requires that the second action be identical to the first action. (Objections at 5 [Doc. No. 54]) (citing Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001). Because his earlier state court actions did not involve claims arising under the FHA, Peet argues that res judicata does not apply to bar his federal claims. (Id.) While some cases, such as Lundquist, inquire as to whether the two cases involve the "same action," other cases discuss whether "both suits are based upon the same claim or cause of action," Olson v. Brott, No. 09-CV-790 (JNE/JJG), 2009 WL 4912135, *2 (D. Minn. Dec. 11, 2009), and still others look to whether "the earlier claim involved the same set of factual circumstances." Brown-Wilbert, 732 N.W.2d at 220. Not surprisingly, the Eighth Circuit has observed that the "parameters of a 'claim' cannot be stated with mathematical precision." Poe v. John Deere Co., 695 F.2d 1103, 1106 (8th Cir. 1982). However, when determining whether a subsequent claim is similar to a previously litigated claim such that res judicata may be applied, courts are to consider whether the claims arise from a common nucleus of operative fact. Id.

Applying the four-factor test for the application of res judicata, the R&R properly found that "the factual circumstances are identical in the state court action and the instant Complaint." (R&R at 11 [Doc. No. 53].) Plaintiff complained of the same problems regarding his living conditions in his Emergency Relief action as in his federal complaint.

6

(Id.) He raised the same issues in his conciliation court proceeding. (Ex. B to Atmore Aff. at 1 [Doc. No. 43-1 at 11].) Moreover, he asserted claims of discrimination and retaliation in the defense of his eviction proceedings. (Ex. D to Atmore Aff. at 1 [Doc. No. 43-1 at 18].) These claims arise from the same common nucleus of operative fact. Accordingly, the claims are the same for purposes of res judicata.

### 2. FHA Discrimination Claims

Plaintiff argues that res judicata should not apply because he could not have asserted his FHA claim as a counterclaim in the eviction action brought against him. (Objections at 6 [Doc. No. 54].) He further argues that conciliation court had no jurisdiction to hear his FHA claims because of the low monetary jurisdictional limit for claims in conciliation court. (Id. at 7-8) (citing Minn. Stat. § 491A.01).

First, as a general matter, Minnesota courts give preclusive effect to judgments arising in conciliation court. See Mattsen v. Packman, 358 N.W.2d 48 (Minn. 1984). Second, while an eviction proceeding is generally limited in scope, see Amresco Residential Mortg. Corp. v. Strange, 631 N.W.2d 444, 445 (Minn. Ct. App. 2001), courts have held that the inability to bring a counterclaim does not insulate a litigant from the preclusive effect of res judicata so long as the issue could have been or was actually litigated in the lower court proceeding and was based on the same set of factual circumstances. See, e.g., Nitz v. Nitz, 456 N.W.2d 450, 452 (Minn. Ct. App. 1990) ("a change in theory cannot be used to avoid res judicata"); see also Flynn v. 3900 Watson Place, Inc., 63 F. Supp.2d 18, 22-23 (D. D. C. 1999) (holding that inability to assert an

7

FHA counterclaim in a prior eviction proceeding did not shield the plaintiff's subsequent federal FHA claim from application of res judicata). In Flynn, the court noted that the plaintiff-tenant had asserted the FHA as a defense to a possession action in landlord-tenant court. 63 F. Supp.2d at 23.

Here, as found in the R&R, the factual circumstances are identical to the state court action and the instant Complaint. (R&R at 11 [Doc. No. 53].) Minnesota law also provides that discrimination and retaliation are defenses which can be raised in an eviction action. See, e.g., Barnes v. Weis Management Co., 347 N.W.2d 519, 521 (Minn. Ct. App. 1984). As Associated Bank notes in its response to Plaintiff's Objections, the fact that Plaintiff did not style his earlier state court claims as FHA discrimination and retaliation claims is irrelevant, because the claims were based on the same facts and were actually litigated to judgment – including his defenses of discrimination and retaliation. (See Assoc. Bank's Resp. at 12 [Doc. No. 58].) Plaintiff concurrently defended the eviction action and brought affirmative discrimination claims in the conciliation action. Peet used the same evidence and arguments and asserted the same claims of discrimination and retaliation, both affirmatively and defensively, as in the instant case. (Eviction Hearing Tr. at 8-10; 108; 115; 140, Ex. A to Second Atmore Aff. [Doc. No. 49].) The state court ruled against Peet on the merits in both the eviction and the conciliation court actions, finding that he failed to prove retaliation or discrimination in the eviction action, see Ex. D to Atmore Aff. at 1 [Doc. No. 43-1 at 18], and failed to prove any damages in the conciliation court action. (Ex. B to Atmore Aff. at 1 [Doc. No.

8

43-1 at 11].) Peet did not appeal these rulings. Moreover, while he did not assert a state court claim arising under the FHA, Plaintiff could have specifically alleged such claims in his conciliation act, but did not do so. See 42 U.S.C. § 3613, subd. (A)(1)(A).

As to Peet's argument regarding his inability to litigate FHA claims in conciliation court because of the monetary jurisdictional limit, Magistrate Judge Graham correctly found Peet's argument unpersuasive. As noted in the R&R, while the jurisdictional limit represents the ceiling for conciliation court, "state district courts have original jurisdiction in all civil and criminal cases" and Minnesota district courts consistently give preclusive effect to judgments from Minnesota conciliation courts. (R&R at 13 [Doc. No. 53].) Again, the Magistrate Judge noted that Peet could have appealed the conciliation court decisions to Minnesota district court for a full trial de novo, but he failed to do so. (Id.)

### 3. Full and Fair Opportunity to Litigate

Magistrate Judge Graham also found that Peet had a full and fair opportunity to litigate his claims. (Id. at 12-13.) Peet objects, arguing that his pro se legal status adversely affected his full and fair opportunity to litigate. (Objections at 10-11 [Doc. No. 54].) The Court disagrees.

While Peet cites authority from other jurisdictions in support of his argument, Minnesota courts consistently hold pro se litigants to the same rules and standards as licensed attorneys. See, e.g., Davis v. Danielson, 558 N.W.2d 286, 287 (Minn. Ct. App. 1997). While courts may grant some degree of latitude to pro se litigants, "we cannot permit bending of all rules and requirements . . . ." Liptak v. State ex rel. City of New

Hope, 340 N.W.2d 366, 367 (Minn. Ct. App. 1983). "The right to represent oneself in legal proceedings does not entitle a party to modification of procedural rules." Ronay v. Ronay, 369 N.W.2d 12, 14 (Minn. 1985). In Ronay, the court also rejected a pro se litigant's requested modification of the substantive law of child support based on his pro se legal status. Id.

Here, the state court judge provided an appropriate degree of leeway to Plaintiff, as noted in the R&R, by offering some guidance in the framing of questions and laying of foundation "to ensure that Plaintiff asked the questions necessary to establish a cause of action, if one existed." (R&R at 13 [Doc. No. 53].) To the extent that Minnesota law permits a small measure of latitude to pro se litigants, Plaintiff received it. Plaintiff made an opening and closing statement, called witnesses, and testified. Most importantly, he raised claims of racial discrimination and retaliation in the state court proceedings identical to the claims at issue here, involving the same set of factual circumstances. (Eviction Hearing Tr. at 8-10; 108; 115; 140, Ex. A to Second Atmore Aff. [Doc. No. 40].) The record thus reflects that, for purposes of res judicata, Peet's pro se status did not affect his full and fair opportunity to litigate his claims, either substantively or procedurally.

        **4.**     **Ripeness**

Peet also objects to the R&R's conclusion concerning res judicata, arguing that his claim for discrimination in connection with his eviction was not ripe until he was evicted. (Objections at 9-10 [Doc. No. 54].) He contends that he had no way of knowing if he

10

would actually be evicted and that res judicata does not apply to claims that did not exist at the time of the first lawsuit. (Id.) (citing Lundquist, 238 F.3d at 977.)

As reflected in the eviction transcript, Plaintiff's claims of discrimination and retaliation concerned such alleged acts that occurred prior to the issuance of the eviction order. (Eviction Hearing Tr. at 8-10; 108; 115; 140, Ex. A to Second Atmore Aff. [Doc. No. 49].) While Peet asserted these claims in a defensive posture, they were clearly before the state court, as Judge Bibus specifically found no evidence establishing retaliation or discrimination. (Ex. D to Atmore Aff. at 1 [Doc. No. 43-1 at 19].) While Plaintiff's Second Amended Complaint refers to his eventual eviction, it also alleges the same discriminatory conduct addressed in state court that occurred prior to Plaintiff's eviction. (Second Am. Compl. ¶¶ 12; 17-21 [Doc. No. 34].) The Court rejects Plaintiff's argument that these claims were not ripe for purposes of res judicata.

Moreover, as Associated Bank notes in response to Plaintiff's Objections, Peet's position regarding ripeness directly contradicts the position he took in opposing Associated Bank's jurisdictional arguments based on *Rooker-Feldman*. (Assoc. Bank's Resp. at 9 [Doc. No. 58].) In opposing Associated Bank's motion to dismiss based on lack of subject matter jurisdiction, Peet maintained that his "claims for discrimination in the provision of services and for interference, coercion or intimidation in response to Peet's complaints about the lack of those services are independent from the [eviction order]." (Pl.'s Opp'n Mem. at 13 [Doc. No. 46].)

As noted in the R&R, *Rooker-Feldman* is a jurisdictional-stripping doctrine that

vests review of state court actions solely in the United States Supreme Court. (R&R at 4 [Doc. No. 53]) (citing Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004)). The Magistrate Judge found that the injury caused by the state court judgment in this case was eviction and attendant homelessness, whereas the injury complained of in this case is the same exact injury that the state court ruled on – retaliation and discrimination. (Id. at 8.) Accordingly, Magistrate Judge Graham concluded that the *Rooker-Feldman* doctrine was inapplicable and recommended the denial of Associated Bank's motion to dismiss for lack of subject matter jurisdiction. (Id.) This Court agrees with the reasoning and conclusions in the R&R on this issue. However, if, as Plaintiff now appears to contend, the eviction order triggered his injury, then *Rooker-Feldman* would apply, divesting this Court of subject matter jurisdiction. Thus, Plaintiff's claims would be dismissed on this alternative basis.

For all of these reasons, the Court rejects Plaintiff's ripeness argument as it relates to the application of res judicata.

### C. **Collateral Estoppel**

The R&R also concluded that Plaintiff's claims were barred by collateral estoppel because Plaintiff was afforded an opportunity to litigate his case and the adjudication rendered a judgment on the merits. (Id. at 14.) As noted in the R&R, collateral estoppel bars claims where: (1) an issue is identical to one in a prior adjudication; (2) the prior adjudication rendered a judgment on the merits; (3) the estopped party was a party, or was in privity with a party, from the prior adjudication; and (4) the estopped party was given a

full and fair opportunity to be heard on the issue. (Id.) (citing Ellis v. Minneapolis Comm'n on Civil Rights, 319 N.W.2d 702 (Minn. 1974)).

Peet argues that because he had not yet been evicted during the conciliation proceedings, he did not have an opportunity to actually litigate the issues of discrimination in connection with his eviction. (Objections at 11-12 [Doc. No. 54].) The timing of the eviction is not determinative for collateral estoppel purposes because the incidents of discrimination alleged in the state court proceedings are identical to those raised in the federal FHA claims. Peet contends that the discrimination issue was not fully litigated because he did not provide testimony or question witnesses concerning the "core allegations" of his FHA complaint. (Objections at 12 [Doc. No. 54].) However, the record reflects otherwise. Peet had an opportunity to fully litigate the discrimination issue and Judge Bibus specifically found that Peet's discrimination and retaliation claims did not have merit. (Ex. D to Atmore Aff. at 1 [Doc. No. 43-1 at 18].)

In addition, Peet argues that collateral estoppel should not apply to bar the claims of a pro se plaintiff who is unfamiliar with the law and unable to present evidence on his claim. (Objections at 11 [Doc. No. 54].) Again, as set forth above regarding Plaintiff's objections to the application of res judicata, in Minnesota, a pro se plaintiff is held to the standards of an attorney. Davis, 558 N.W.2d at 287. Moreover, the record demonstrates that Plaintiff was able to present evidence and argue his positions in state court on these very issues. Plaintiff's objections to the Magistrate Judge's application of collateral estoppel are therefore rejected.

### D. Public Policy

Finally, Plaintiff argues that the dismissal of his FHA claims runs contrary to the spirit and remedial intent of the FHA, and is therefore contrary to public policy. (Objections at 12 [Doc. No. 54].) However, as noted herein, discrimination and retaliation are defenses to an eviction and can be raised in an eviction proceeding, as they were here. See, e.g., Barnes, 347 N.W.2d at 522. Plaintiff's FHA claims could have been brought in state court, as the FHA expressly permits state court jurisdiction over FHA claims. 42 U.S.C. § 3613, subd. (a)(1)(A).

In any event, Peet's claims of discrimination and retaliation arose from the very same operative facts at issue here and were before the state court, which found the claims to be without merit. Peet's public policy argument is unavailing. Moreover, principles of res judicata and issue preclusion also advance a compelling public policy, as recognized by the Supreme Court: "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980). The Court therefore declines to accept Plaintiff's public policy arguments.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

    1.    The Motion for Judgment on the Pleadings filed by Defendants Edina

Realty, Inc. and Ken Meinke [Doc. No. 19] is **GRANTED**;

2. The Motion to Dismiss filed by Defendant Associated Bank [Doc. No. 40] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**; and

    b. The Motion to Dismiss for Failure to State a Claim is **GRANTED**; and

3. Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 27, 2013        s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge